UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAJUAN JOHNSON,                               No. 14-11347

        Plaintiff,                              District Judge Laurie J. Michelson

v.                                                         Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

On April 1, 2014, Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g). On November 14, 2014, the case was remanded to the administrative level for further proceedings [Doc. #21]. On December 15, 2014, the parties filed a joint motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. #22], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. #23]. I recommend that the motion be GRANTED.

**I.   DISCUSSION**

As the beneficiary of a sentence four remand, Plaintiff is a prevailing party within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).  Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). The parties agree that $4,000.00 "will satisfy all of Plaintiff's claims for fees, costs, and expenses" under the EAJA, and I agree that this fee request is reasonable.

EAJA fees belong to a claimant, not an attorney. *Astrue v. Ratliff,* 560 U.S. ——, 130 S.Ct. 2521, 2224, 177 L.Ed.2d 91 (2010).  In this case, Plaintiff has executed an

assignment of EAJA fees to his attorney. Therefore, the fees may be paid to counsel. *Cowart v. Commissioner of Social Sec.*, 795 F.Supp.2d 667 (E.D. Mich. 2011). However, such fees may be offset by any preexisting debt that the Plaintiff owes the United States government. *Id*.

## II.   RECOMMENDATION

I recommend that Plaintiff be awarded EAJA fees in the amount of $4,000.00. I further recommend that no later than 14 days from a final order granting EAJA fees, the Commissioner will determine whether the Plaintiff owes the government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees should be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees should be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length

unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Dated: December 31, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 31, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>Case Manager